J. R. Swan, J.
The lands from which the fund in controversy as derived, are held in trust “for the purposes of religion.” How the appropriation should be made fixr religious purposes was left to the state to determine. The state has provided that the lands shall be leased and the rents applied as follows :
“ Each and every denomination of religious societies, after giving ■themselves a name, shall appoint an agent, who shall produce to the trustees a certificate, containing a list of their names *and numbers, specifying that they are citizens of said township; and .the agent shall pay over an equal dividend of the rents, within three months after the same shall have been received, to be appropriated to the support of religion, at the discretion of each society; provided, that all members above the age of fifteen years, shall be entitled to have their names enrolled by any society.” Swan’s Stat. 1005, sec. 13.
The beneficiaries of the trust have been designated by the state, as every denomination of religious societies; and the relators must bring themselves within the description of a sect or “ denomination ” of religionists associated together as a “ religious society,” <to bo entitled to the fund.
A sect or denomination of religious persons, is one having a common system of faith, written or traditional. A common system, of faith or religious belief, however, although sufficient to constitute ■a sect or denomination, is not sufficient to make them the bene *58 ficiaries of this fund. If this were sufficient, the fund would: necessarily be paid to each for his personal and individual benefit. The beneficiaries are not the individual members of a mere denomination of religious persons, but the society of a denomination. It is necessary, to satisfy the terms of the statute, that there should, be, not only a denomination or sect, but that they should be formed! into a society.
The society thus formed must be for religious, and not for mere-secular purposes; for the statute describes the society entitled to the-fund as a religious society. Religious societies of sects or denominations are founded for the purpose of uniting together ill public-religious worship and religious services, according to the customary,, habitual, or systematic forms of the particular sect or denomination, and in accordance with, and to promote and enforce their common faith and belief.
The expenses incident to this public religious worship, and these religious services are, in general, incurred by the society as such, and paid out of the common contributions of the members. The-fund created under the statute was intended to be applied to these expenses.
*Tbere can not be a sect or denomination of religious persons without ány common religious belief.
It is equally unreasonable to suppose that a denomination or sect, of religious persons would form themselves into a religious society, without any intention to meet together as such, to worship according to that faith, and without any stated or customary religious jrablie services. It would be a society without association; a society in name only, but not in fact.
It is clear that the relators do not bring themselves within this, description of a denomination associated’ together as a religious-society.
Tbe relators have neither a common religious belief, nor any fixed or customary denominational religious worship, or religious-exercises or service. Their object is to form and keep up a library. The society is not a religious, but a library association, whatever-name it may assume; very laudable, and deserving the encouragement of the neighborhood, but having no more claim upon the-fund appropriated to the support of religious societies, t-han any other library association.

Verdict and judgment for defendants.

Bartley, C. J., and Brinkerroee, Bowen, and Scott, JJ., concurred.